# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**KEITH E. LANGFORD**
**MASTER SERGEANT (E-8), U.S. MARINE CORPS**

**NMCCA 201400423**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 26 August 2014.
**Military Judge:** Maj N.A. Martz, USMC.
**Convening Authority:** Commanding General, II Marine Expeditionary Force, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Maj K.G. Phillips, USMC.
**For Appellant:** LtCol Richard Viczorek, USMCR.
**For Appellee:** CDR C. Eric Roper, JAGC, USN.

**21 April 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny of military property of a value of more than $500.00, unlawful entry, and the sale of military property of more than $500.00; one specification of sale of military property of more than $500.00;

one specification of larceny of military property of more than $500.00; and one specification of unlawful entry, in violation of Articles 81, 108, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 908, 921, and 930.

The military judge sentenced the appellant to confinement for 15 months, reduction to pay grade E-1, forfeiture and all pay and allowances, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and stated: "[s]ubject to the limitations contained in the Uniform Code of Military Justice, the Manual for Courts-Martial, applicable regulations, and this action, the sentence is ordered executed."

The appellant now asserts two assignments of error: (1) that the Promulgating Order misstates the findings as to Charge I as well as the disposition of Charge V, and (2) that the CA erroneously ordered the bad-conduct discharge executed. We agree that the promulgating order is erroneous and order corrective action in our decretal paragraph. To the extent that the Court-Martial Order (CMO) purports to execute the bad-conduct discharge, it is a legal nullity. *United States v. Bailey*, 68 M.J. 409 (C.A.A.F. 2009).

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and the sentence are otherwise correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant pled guilty to several specifications stemming from a scheme to steal military property from a Marine supply warehouse and then sell that property to a civilian. Charge I, the conspiracy offense, originally contained three specifications, each alleging a different underlying offense of the conspiracy. However, prior to entry of pleas, finding the three specifications represented an "unreasonable multiplication of charges," the military judge merged these three specifications into one conspiracy for findings and sentencing purpose.[1] The merged specification then alleged a conspiracy to commit larceny of military property, unlawful entry (housebreaking), and sale of military property. Nonetheless, when called upon to enter pleas, the appellant entered pleas to

---

[1] Record at 7.

2

each of the original conspiracy specifications.  The military judge immediately clarified that the appellant was actually entering a guilty plea to the single, merged specification of Charge I.  The appellant also pleaded not guilty to Charge V.

Prior to the military judge announcing his findings, the Government moved to withdraw the offenses and language to which the appellant pleaded not guilty without prejudice and stated that the dismissal would "ripen into prejudice upon pronouncement of the sentence."[2]  The military judge granted the motion and found the appellant guilty in accordance with his clarified pleas.  The appellant was shortly thereafter sentenced, resulting in the dismissal of Charge V ripening into "with prejudice."

The report of results of trial (RROT) incorrectly indicated that the appellant pled and was found guilty to the three original specifications of Charge I, rather than the merged single specification.  In addition, the RROT correctly noted that the appellant pleaded not guilty to Charge V and that Charge V had been withdrawn.  However, the RROT omits mention that dismissal was "with prejudice."  The staff judge advocate's recommendation (SJAR) attached the RROT and confirmed that "I have reviewed the results of trial . . . and it accurately reflects the charges, findings, and sentence adjudged in this case[.]"  Neither of trial defense counsel's subsequent clemency requests noted the errors in the RROT or the SJAR.

The CA's subsequent court-martial order (CMO) repeats the errors, incorrectly indicating that the appellant was found guilty of the three original specifications under Charge I.  Moreover, the CA's action erroneously indicates that Charge V was dismissed "without prejudice."  Finally, in his action, the CA indicated that he had reviewed the record of trial prior to taking action on this case.

## Discussion

A CMO must list the "findings or other disposition of each charge and specification[.]"  RULE FOR COURTS-MARTIAL 1114(c)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  The parties concede, and we agree, that the CMO in this case inaccurately indicates that the appellant was found guilty of three specifications under Charge I and that Charge V was dismissed "without prejudice."

---

[2] *Id*. at 57.

We test error in Court Martial Orders under a harmless-error standard, *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998), and find these errors did not materially prejudice the appellant's substantial rights. The appellant alleges no prejudice resulting from this error, and we find none. However, the appellant is entitled to accurate court-martial records. *Id.* Accordingly, we order the necessary corrective action in our decretal paragraph.

## Conclusion

The findings and sentence as approved by the CA are affirmed. The supplemental CMO shall correctly reflect the merger of the three specifications under Charge I, the appellant's plea thereto, and the military judge's finding of guilty to the merged specification. The order shall also correctly reflect that Charge V was dismissed "with prejudice."

For the Court

R.H. TROIDL
Clerk of Court

4