# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

## No. 201600341

_____

### UNITED STATES OF AMERICA
Appellee

v.

### DAVID S. SMALL
Lance Corporal (E-3), U.S. Marine Corps
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Robert P. Monahan, Jr., JAGC, USN
Convening Authority: Commander, 4th Marine Aircraft Wing, New Orleans, LA.
Staff Judge Advocate: Lieutenant Colonel Amy N. Thomas, USMC
For Appellant: Commander Brian L. Mizer, JAGC, USN
For Appellee:

_____

Decided 31 January 2017

_____

Before CAMPBELL, HUTCHISON and LOCHNER, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of violation of a lawful order, assault consummated by a battery, and obstruction of justice, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, and 934. The military judge sentenced the appellant to nine months' confinement,

reduction to pay grade E-1, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority (CA) suspended the bad-conduct discharge and all confinement in excess of 60 days.

Although this case was submitted without assignment of error, we note several issues in the court-martial order (CMO). First, despite the military judge awarding the appellant 77 days of pretrial confinement credit, the CMO erroneously purports to suspend all but 60 days of confinement for 21 months from the date of the CMO, 23 September 2016, inconsistent with the pretrial agreement to suspend all confinement in excess of 60 days for a period of just 12 months. Second, the CMO states that the accused's service to confinement was deferred on the date of trial, 12 July 2016, when in fact only the confinement to be suspended pursuant to the pretrial agreement terms was deferred. Third, the CMO lists the wrong trial defense counsel's clemency petition—one dated 17 December 2015 (almost six months before the trial) and submitted with enclosures—when the appellant's request actually included no enclosure and was dated 21 August 2016. Finally, the CMO does not note that DNA collection is required.[1]

When a CA fails to take action required by a pretrial agreement, this court has the authority to enforce the agreement. *See United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972). Otherwise, we test error in CMOs under a harmless error standard, *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

We find the second, third, and fourth identified errors did not materially prejudice the appellant's substantial rights. However, as the appellant is entitled to accurate court-martial records, *id.,* we will also address them in ordering the necessary corrective action. With those measures, we are convinced the findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights remains. Arts. 59(a) and 66(c), UCMJ.

The findings and the sentence are affirmed. The supplemental CMO will reflect that the appellant's service of confinement in excess of 77 days was deferred from 12 July 2016 until 23 September 2016, when service of that confinement was then suspended for a period of 12 months from 23 September 2016. The supplemental CMO shall further reflect that the

---

[1] Despite the staff judge advocate's recommendation incorrectly advising the CA that no DNA collection is required in this case, Article 134, UCMJ, obstructing justice is listed as a qualifying offense under Department of Defense Instruction 5505.14 dtd 22 Dec 2015, and that conviction requires collection of the appellant's DNA under federal law.

defense counsel's clemency letter was 5815 DC/vle dated 21 August 2016, and that DNA processing is required in accordance with 10 U.S.C. § 1565.

        For the Court


        R.H. TROIDL
        Clerk of Court