# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

## No. 201700152

_____

### UNITED STATES OF AMERICA
Appellee

v.

### XAVIER A. TORRES
Lance Corporal (E-3), U.S. Marine Corps
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel Peter S. Rubin, USMC.
Convening Authority: Commanding Officer, Marine Medium
Tiltrotor Training Squadron 204, Marine Aircraft Group 26, 2d
Marine Aircraft Wing, Jacksonville, NC.
Staff Judge Advocate's Recommendation: Colonel John M. Henry,
USMC.
For Appellant: Lieutenant Commander Paul D. Jenkins, JAGC,
USN.
For Appellee: Commander Joseph E. Stolasz, JAGC, USN; Major
Kelli A. O'Neil, USMC.

_____

Decided 21 September 2017

_____

Before MARKS, WOODARD, and LOCHNER, _Appellate Military Judges_

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

PER CURIAM:

At a special court-martial a military judge convicted the appellant, pursuant to his pleas, of wrongful disposition of military property, larceny, and housebreaking in violation of Articles 108, 121, and 130, Uniform Code of

Military Justice (UCMJ), 10 U.S.C. §§ 908, 921, and 930. The military judge sentenced the appellant to 11 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. In accordance with the pretrial agreement, the CA suspended all confinement and, except for that part of the sentence extending to the bad-conduct discharge, ordered the sentence executed.

The appellant raises a single assignment of error: the report of results of trial and the court-martial order (CMO) fail to reflect the military judge's conditional dismissal of the sole specification under Charge I, and accordingly, the record should be corrected. The government concedes the error, and we agree.

## I. BACKGROUND

During the plea colloquy, the appellant admitted to stealing a barracks key and later throwing it away. This conduct was the basis for his convictions for larceny of military property (Charge III, Specification 4) and wrongful disposition of military property (Charge I, sole specification). Prior to the plea, the military judge, summarizing an earlier RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) conference, noted that he would likely conditionally dismiss the sole specification of Charge I on the basis of unreasonable multiplication of charges with Specification 4 of Charge III.[1] After findings, the military judge conditionally dismissed the sole specification of Charge I with no government objection.[2] The CMO does not reflect the military judge's conditional dismissal.

## II. DISCUSSION

We have previously held that, when faced with findings that reflect an unreasonable multiplication of charges, and where the consolidation of the charges is impracticable—such as when guilty findings involve violations of different UCMJ articles—a military judge should consider conditional dismissal. *United States v. Thomas*, 74 M.J. 563, 569 (N-M. Ct. Crim. App. 2014). That is precisely what the military judge did here.

Unfortunately, the military judge's action was not appropriately reflected in the CMO. The appellant does not assert, and we do not find, any prejudice resulting from this error. Nevertheless, the appellant is entitled to have the CMO accurately reflect the results of the proceedings. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). We thus order corrective action in our decretal paragraph.

---

[1] Record at 5.

[2] *Id.* at 60.

### III. CONCLUSION

After carefully considering the pleadings and the record of trial, we find no error materially prejudicial to the substantial rights of the appellant, and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ. The supplemental CMO shall reflect the military judge conditionally dismissed Charge I and its sole specification pending the completion of appellate review.

For the Court



R.H. TROIDL
Clerk of Court