This opinion is subject to administrative correction before final disposition.

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, LAWRENCE, and C. STEPHENS,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Casey T. BALAUSKY**
Hull Technician Second Class (E-5), U.S. Navy
Appellant

**No. 201900121**

Decided: 29 August 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Jonathan T. Stephens, JAGC, USN. Sentence adjudged 7 January 2019 by a general court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, confinement for 45 months, and a dishonorable discharge.[1]

For Appellant: Lieutenant Colonel Lee C. Kindlon, USMCR.

For Appellee: Brian Keller, Esq.

_____

[1] The Convening Authority suspended confinement in excess of 34 months and commuted the dishonorable discharge to a bad-conduct discharge pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

—————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the court-martial order (CMO) does not accurately reflect the findings. Although the CMO accurately reflects the Appellant entered a plea of guilty by exceptions to the Specification of Charge I and Specification 6 of Charge II, the CMO inaccurately reflects that the Appellant was found guilty of those Specifications as charged. After the military judge accepted Appellants pleas of guilty, the trial counsel moved to withdraw and dismiss the language to which the Appellant entered pleas of not guilty. The language was dismissed without prejudice, to ripen until prejudice upon completion of appellate review. The military judge granted the motion. This withdrawal is not documented in the CMO, which reflects that Appellant was found guilty of the Specifications. Although we find no prejudice from this scrivener's error, the appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall properly reflect the findings of guilt to the Specification of Charge I and Specification 6 of Charge II as modified before the military judge announced findings.

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court