*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, HITESMAN, and GASTON
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Antonio J. DAMBRA**
Fireman Apprentice (E-2), U.S. Navy
Appellant

**No. 201900074**

Decided: 24 September 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Commander Hayes C. Larsen, JAGC, USN. Sentence adjudged 22 October 2018 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to pay grade E-1, confinement for 13 months,[1] and a bad-conduct discharge.

For Appellant: Commander Robert D. Evans, Jr., JAGC, USN.

For Appellee: Lieutenant Joshua C. Fiveson, JAGC, USN; Major Kelli A. O'Neil, USMC.

_____

---

[1] The convening authority suspended confinement in excess of ten months pursuant to a pretrial agreement, yet also purported to disapprove confinement in excess of ten months. *See* Discussion, *infra.*

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

The appellant was convicted, pursuant to his pleas, of seven specifications of indecent visual recording in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c (2016), for surreptitiously video recording a number of his shipmates in the shower and bathroom stalls aboard USS GEORGE H.W. BUSH (CVN 77).

The appellant raises the following assignment of error (AOE): the court-martial order (CMO) and detailed defense counsel's clemency submission contain various errors, and the record of trial is incomplete. The government concedes the errors in the CMO. We agree and order corrective action below. Otherwise, finding no prejudicial error, we affirm the findings and sentence.

## I. BACKGROUND

The appellant pleaded guilty to the offenses in accordance with a pretrial agreement (PTA) with the convening authority (CA) that provided the following term regarding any sentence to confinement: "May be approved as adjudged. However, all confinement in excess of ten (10) months will be suspended for a period of 12 months after the date of the convening authority's action, at which time, unless sooner vacated, the suspension [sic] portion will be remitted without further action."[2]

In his CMO, the CA stated that under the terms of the PTA, confinement in excess of ten months would be suspended.[3] However, in taking action on the case, the CA also stated that "only so much of the sentence as provides for reduction to the paygrade of E-1, confinement for ten months, and a bad-conduct discharge is approved."[4] Thus, the CA's action effectively purported to disapprove, as opposed to approve and then suspend, adjudged confine-

---

[2] Appellate Exhibit V at 1.

[3] Commander, Navy Region Mid-Atlantic, General Court-Martial Order No. 04-19, dated 14 February 2019, at 4.

[4] *Id.* at 3.

ment in excess of ten months. As such action on the adjudged sentence was not agreed to under the PTA, it exceeded what the CA was empowered to do under Article 60(c)(4), UCMJ, 10 U.S.C. § 860(c)(4) (2016).

The CMO also refers to the appellant as a Fireman Recruit, notwithstanding that he promoted to Fireman Apprentice a few days before trial.

## II. DISCUSSION

The government concedes that the language in the CMO purporting to disapprove confinement in excess of ten months is *ultra vires*. We have held that in such cases the *ultra vires* portion of the CA's action is a legal nullity that we will disregard. *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (involving the purported disapproval of a bad-conduct discharge that the parties had agreed under the PTA would be approved and then suspended). When a CA fails to take action required by a PTA, this court has authority to enforce the agreement. *Id.* (citing *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972)). Accordingly, we approve the entirety of the adjudged sentence, including the full 13 months' confinement, but suspend confinement in excess of ten months as agreed to by the parties under the terms of the PTA.

As identified by the appellant and conceded by the government, the CMO also contains other scrivener's errors. While such inattention to detail is concerning, the appellant does not assert, and we do not find, any prejudice resulting from these errors.[5] However, the appellant is entitled to have the errors corrected so as to accurately reflect the proceedings. *See United States*

---

[5] To the extent the appellant's brief implies, without argument, that errors in his detailed defense counsel's clemency submission relating to the adjudged punishment, forum, and sentencing authority rise to the level of prejudicial error, we find that assertion to be without merit. While the counsel's lack of attention to detail is concerning, the appellant does not assert, nor do we find, that any deficiency relating to the clemency submission rises to the level of constitutional ineffectiveness under *Strickland v. Washington*, 466 U.S. 668 (1984), or any other grounds prejudicial to the appellant warranting relief. *See* N-M. Ct. Crim. App. R. 18.1(c)(7) (2019) (requiring a "direct and concise argument as to each issue of fact or law presented, and demonstrating with particularity why the error assigned is materially prejudicial to the substantial rights of the appellant or why relief is otherwise warranted"); N-M. Ct. Crim. App. R. 18.1(e)(2) (requiring for even summary AOEs a "legal basis . . . including argument, if pertinent, discussing briefly and succinctly the point of law presented").

*v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). We order corrective action in our decretal paragraph.

The appellant also asserts that the record of trial is missing multiple exhibits and a page from the transcript. Based on our review of the record of trial, we find this issue to be without merit.[6]

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence, as modified by this court, are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59 and 66, UCMJ. The supplemental CMO will reflect that the CA approved the entire period of adjudged confinement, but suspended all confinement in excess of ten months for a period of 12 months after the date of the CA's action, at which time, unless sooner vacated, the suspended portion will be remitted without further action, and that the appellant's rank at the time of trial was Fireman Apprentice (E-2). The findings and sentence as thus modified and approved are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[6] The items the appellant asserts are missing are present in the record of trial. However, while not raised at trial or on appeal, we do note the absence of Article 33 and Article 34, UCMJ, letters from the record of trial. Whether they are missing because they never existed or because they simply were not included in the record of trial, the appellant does not allege, nor do we find, any prejudice stemming from any such waived, non-jurisdictional, procedural errors. *See United States v. Winiecki*, 2016 CCA LEXIS 572, at *2 n.1 (N-M. Ct. Crim. App. 2016) (citing *United States v. Murray*, 25 M.J. 445, 449 (C.M.A. 1988)); RULES FOR COURTS-MARTIAL 905(b)(1), 905(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.).