*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, J. STEPHENS, and C. STEPHENS,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Luandre D. KIRKLAND**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201900108**

Decided: 30 September 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Lieutenant Colonel Wilbur Lee, USMC. Sentence adjudged 31 January 2019 by a general court-martial convened at Marine Corps Base Hawaii, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, forfeiture of all pay and allowances, confinement for 13 months, and a dishonorable discharge.[1]

For Appellant: Captain W. S. Laragy, JAGC, USN.

For Appellee: Brian Keller, Esq.

_____

[1] The Convening Authority suspended confinement in excess of 12 months pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the Entry of Judgment does not accurately reflect the findings.

The Entry of Judgment reflects that Charge I, Specifications 3 and 4 and Specifications 1-5 of Charge III and Charge III were withdrawn. Pursuant to the pretrial agreement, the parties agreed the convening authority would withdraw the specifications to which Appellant pleaded not guilty, and that such language and specifications would be dismissed without prejudice upon announcement of sentence, with such dismissal to ripen into dismissal with prejudice upon completion of appellate review in which the findings and sentence have been upheld.[2] However, the Entry of Judgment merely reflects that the specifications were withdrawn.

Although we find no prejudice from this error, the appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the record is returned to the Judge Advocate General for correction of the Entry of Judgment to properly reflect that Charge I, Specifications 3 and 4 and Specifications 1-5 of Charge III and Charge III were withdrawn and dismissed with such dismissal to ripen into dismissal with prejudice upon completion of appellate review in which the findings and sentence have been upheld.

---

[2] Appellate Exhibit 1 at 4.

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court