# 538

## UNITED STATES

v.

### Patricia A. CRUMPLEY, 563–61–1934, Airman Apprentice (E–2), U.S. Navy.

### NMCM 98 00358.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 15 Aug. 1997.

Decided 22 Dec. 1998.

LCDR Rebecca L. Gilchrist, JAGC, USN, Appellate Defense Counsel.

LT Steven B. Fillman, JAGC, USNR, Appellate Defense Counsel.

LCDR Joann W. Melesky, JAGC, USN, Appellate Government Counsel.

Before SEFTON, Senior Judge, TROIDL and ANDERSON, Appellate Military Judges.

SEFTON, Senior Judge:

We have examined the record of trial, the error assigned by appellant,[1] and the Government's response. After careful consideration, we conclude the findings and sentence to be correct in law and fact and find no error materially prejudicial to appellant's substantial rights was committed. Arts. 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c) (1994)[hereinafter UCMJ].

Appellant was tried on 15 August 1997, by a court-martial composed of a military judge alone, and convicted in accordance with her pleas of unauthorized absences in violation Art. 86, UCMJ, 10 U.S.C. § 886. She was sentenced to 3 months confinement, forfeiture of $600 pay per month for 3 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the adjudged sentence, but suspended all confinement beyond 75 days as agreed in the pretrial agreement.

Appellant alleges plain error mandating relief based upon the fact that Lieutenant S.E. Bellon's undated Staff Judge Advocate's Recommendation [hereinafter SJAR] incorrectly listed the finding in regard to Charge I.[2] SJAR (undated). This was so despite the *correct* reflection of the findings in the "Results of Trial" provided by trial counsel earlier. Lt Knapp Ltr 5815 of 15 Aug 97. Appellant did not comment upon this error when provided the opportunity, and thus absent plain error forfeited the issue. Petition for Clemency dated 20 November 97/6 December 1997; RULE FOR COURTS-MARTIAL

---

1. THE STAFF JUDGE ADVOCATE'S RECOMMENDATION AND THE COURT–MARTIAL ORDER ERRONEOUSLY REFLECT A GUILTY FINDING TO DESERTION UNDER CHARGE I.

2. Appellant's offenses were: Charge I and the specification thereunder, a violation of UCMJ,

Article 85 and Charge II and the specification thereunder, a violation of UCMJ, Article 86. Charge sheet. Appellant pled guilty to the lesser included offense of unauthorized absence under Charge I, and the military judge's findings were to that effect. Record at 8, 34.

1106(f)(6), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.].

Our superior court has recently clarified the test to be applied in evaluating claims such as the one appellant has made here. *United States v. Powell,* — M.J. —, No. 97–0549 (C.A.A.F. November, 1998). While we easily find the first two prongs (that there be error, clear or obvious), we find no support for the equally necessary third and fourth prongs of the *Powell* test (the error must "affect" and "materially prejudice" substantial rights). *Id.,* slip op. at 10; Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

In this case, appellant negotiated a pretrial agreement which required only her pleas to unauthorized absences. The convening authority was thus aware that desertion was not in issue even prior to trial. He later received a written "Results of Trial" immediately after the trial from Trial Counsel which correctly reflected the pleas and findings. Prior to taking action, the convening authority reviewed the record of trial, the pretrial agreement, and appellant's petition for clemency. Convening Authority's Action dated 16 December 1997. The trial forum and the sentence provisions of the pretrial agreement likewise militate against the thought that the convening authority was dealing with what he considered a case of desertion. We therefore convinced that this scrivener's error did not amount to plain error materially prejudicing appellant's substantial rights, and deny relief. We are satisfied that even absent the error, the convening authority's action would have been no different. *United States v. McConnell,* 36 M.J. 552, 554 (N.M.C.M.R.1992).

We note also the incorrectness of the Court–Martial Order under the provisions of R.C.M. 1114(c)(1). We test this error under a harmless-error standard. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). We likewise find that this

error did not affect appellant's substantial rights, since no prejudice was alleged or is apparent. Appellant is entitled to have her official records correctly reflect the results of this proceeding. We will therefore remedy this error in our decretal paragraph. *United States v. Diaz,* 40 M.J. 335, 345 (C.M.A.1994); *United States v. Graf,* 35 M.J. 450, 467 (C.M.A.1992); *United States v. Moseley,* 35 M.J. 481, 485 (C.M.A.1992).[3]

Accordingly, we affirm the findings and sentence as approved on review below. We order correction of records in this case to accurately reflect the charges and specifications to which appellant pleaded guilty, and for which guilty findings were entered.

Judge TROIDL and Judge ANDERSON concur.

---

**3.** We once again find, as we did in our opinion in *United States v. Smith,* 44 M.J. 788 791 (N.M.Ct. Crim.App.1996), that scarce appellate resources are squandered to address error which evidences an obvious inattention to detail by those involved in the post-trial process. This is not rocket science, folks. *Read* what you are sending to the convening authority for him or her to sign, and *make sure what you submit is what happened at trial.* It's as simple as it sounds, and it would save a lot of time, effort, and (hopefully) embarrassment if careful proofreading was revived as part of case processing in *each* instance.