# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## KEVIN W. FLOWERS
## AVIATION ORDNANCEMAN SECOND CLASS (E-5), U.S. NAVY

### NMCCA 201400003
### SPECIAL COURT-MARTIAL

**Sentence Adjudged**: 5 September 2013.
**Military Judge**: CAPT Colleen Glaser-Allen, JAGC, USN.
**Convening Authority**: Commanding Officer, USS DWIGHT D. EISENHOWER (CVN 69).
**Staff Judge Advocate's Recommendation**: LCDR G.J. Nadella, JAGC, USN.
**For Appellant**: Maj Richard A. Viczorek, USMCR.
**For Appellee**: LCDR Catherine E. Pulley, JAGC, USN; Maj Crista D. Kraics, USMC.

**24 July 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of aggravated assault, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The military judge sentenced the appellant to nine months'

confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged, and except for the bad-conduct discharge, ordered the sentence executed. In accordance with the pretrial agreement, the CA suspended all confinement in excess of six months for the period of confinement served plus six months thereafter.

The appellant's sole assignment of error claims that the promulgating order inaccurately reflects that the appellant was found guilty of Charge IV when, in fact, the order should have reflected that the charge had been withdrawn.[1]

We are convinced that this error did not materially prejudice the substantial rights of the appellant. Thus we find no plain error. Nevertheless, the appellant is entitled to have his official records accurately reflect the results of his court-martial. *United States v. Crumpley*, 49 M.J. 538 (N.M.Ct.Crim.App. 1998). The necessary correction shall be reflected in the supplemental court-martial order.

After careful consideration of the record, the appellant's claims and the briefs of the parties, we conclude that that the findings and the sentence are otherwise correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## Conclusion

The findings and the sentence are affirmed. We direct that the supplemental court-martial order shall correctly reflect that Charge IV was withdrawn.

For the Court

R.H. TROIDL
Clerk of Court

---

[1] The promulgating order correctly reflects that sole specification under Charge IV had been withdrawn.