# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## SEAN R. CHRISTIANSEN
## HOSPITALMAN (E-3), U.S. NAVY

## NMCCA 201400248
## GENERAL COURT-MARTIAL

**Sentence Adjudged:** 9 April 2014.
**Military Judge:** CDR M.K. Luken, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** CDR S.J. Gawronski, JAGC, USN.
**For Appellant:** LT Christopher McMahon, JAGC, USN.
**For Appellee:** CDR Christopher Van Brackel, JAGC, USN; Capt Matthew Harris, USMC.

**27 January 2015**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. The military judge sentenced the appellant to confinement for a period of four years, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. Pursuant to a pretrial agreement the

convening authority mitigated the dishonorable discharge to a bad-conduct discharge, approved the remainder of the sentence as adjudged, and suspended all confinement in excess of 12 months.

In his sole assignment of error, the appellant asserts the court-martial order (CMO) incorrectly (1) lists Specification 3 as being committed by "penetration of her vulva by his *penis*" while the actual specification alleged "penetration of her vulva by his *tongue*" (emphasis added); and (2) omits Specifications 4 and 5 altogether. The appellant pled not guilty to Specifications 2 through 5 and they were withdrawn and dismissed. The Government acknowledges these errors and we agree.

The appellant offers no evidence of prejudice and we find none. He is, however, entitled to have the official records accurately reflect the results of his court-martial. *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). It is ordered that the supplemental CMO correctly reflect the language, pleas, and disposition of Specifications 3 through 5.

We find that no error materially prejudicial to substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ. We therefore affirm the findings and the approved sentence.

For the Court


R.H. TROIDL
Clerk of Court

2