# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, D.C. KING, P.D. LOCHNER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**RICHARD L. CROCKETT**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201400451**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 25 September 2014.
**Military Judge:** Maj N.A. Martz, USMC.
**Convening Authority:** Commanding General, Command Element,
II Marine Expeditionary Force, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Maj K.G. Phillips,
USMC.
**For Appellant:** CAPT Bree A. Ermentrout, JAGC, USN.
**For Appellee:** Mr. Brian K. Keller, Esq.

**7 May 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial
convicted the appellant, pursuant to his pleas, of a single
specification of conspiracy to commit the offenses of
housebreaking along with the larceny and sale of military
property of more than $500.00, and of the offenses comprising
the object of the conspiracy, in violation of Articles 81, 108,
121 and 130 of the Uniform Code of Military Justice, 10 U.S.C.

§§ 881, 908, 921, and 930.  The military judge sentenced the appellant to four months' confinement, reduction to pay grade E-1, and a bad-conduct discharge.  The convening authority (CA) approved the adjudged sentence.

We are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.  However, although not raised on appeal, we note an error in the post-trial record that requires corrective action.

The appellant pled guilty to several specifications stemming from a scheme to steal military property from a Marine supply warehouse and then sell that property to a civilian.  Charge I, the conspiracy offense, originally contained four specifications, each alleging a different underlying offense of the conspiracy.  Following the providence inquiry, the military judge concluded that these specifications constituted an unreasonable multiplication of charges for both findings and sentencing.  With the concurrence of the parties, the military judge merged the four original specifications into a single specification.[1]  When preparing the report of result of trial (RROT), the trial counsel failed to note the merger.  The staff judge advocate's recommendation (SJAR) and the CA's court-martial order (CMO) repeated the error, incorrectly indicating that the appellant was found guilty of the four original specifications under Charge I.  Trial defense counsel's clemency request also failed to note the error in the RROT or the SJAR.

A CMO must list the "findings or other disposition of each charge and specification [.]"  RULE FOR COURTS-MARTIAL 1114(c)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  The CMO in this case inaccurately indicates that the appellant was found guilty of four specifications under Charge I.

We test error in Court Martial Orders under a harmless-error standard, *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998), and find these errors did not materially prejudice the appellant's substantial rights.  However, the appellant is entitled to accurate court-martial records.  *Id.*  Accordingly, we order the necessary corrective action in our decretal paragraph.

---

[1] Record at 58-59.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.  The supplemental CMO shall reflect the merger of the four specifications under Charge I and the military judge's finding of guilty to the merged specification.  The findings and the sentence are affirmed.

For the Court




R.H. TROIDL
Clerk of Court