# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, K.J. BRUBAKER, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**ROBERTO C. AYALA**
**MACHINIST'S MATE FIREMAN APPRENTICE (E-2), U.S. NAVY**

**NMCCA 201500008**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 15 September 2014.
**Military Judge:** CDR John S. Han, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** CDR S.J. Gawronski, JAGC, USN.
**For Appellant:** Capt Michael B. Magee, USMC.
**For Appellee:** CAPT Diane L. Karr, JAGC, USN; LT Ann E. Dingle, JAGC, USN.

**18 June 2015**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of five specifications of wrongful possession of controlled substances in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The appellant was sentenced to confinement for 30 months, reduction to the lowest enlisted pay grade, and a bad-conduct discharge. The convening authority (CA) approved

the sentence as adjudged, but suspended execution of confinement in excess of 18 months in accordance with the terms of the pretrial agreement.

In his sole assignment of error, the appellant contends that he was denied "legally correct post-trial processing" and asks that this court remand his case to the appropriate CA for proper post-trial processing. Specifically, the appellant avers that the staff judge advocate's recommendation (SJAR) and the CA's action erroneously reflect that he pleaded guilty to and was found guilty of five specifications of drug distribution. We disagree with this contention but note that the court-martial order does in fact erroneously reflect convictions for five specifications of distribution vice possession and we shall order the necessary corrective action in our decretal paragraph.

Otherwise, after conducting a thorough review of the record of trial and allied papers, we are convinced that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

**Errors in the Court-Martial Order**

At trial, the appellant was charged with *inter alia*, five specifications of drug distribution in violation of Article 112a, UCMJ. He was found guilty, pursuant to his pleas by exceptions and substitutions, of the five specifications of illegal drug possession vice distribution. The results of trial, provided to the CA as an attachment to the SJAR, merely states that the appellant pleaded guilty to the charge and specifications in question by "exceptions and substitutions as noted in the record of trial." No other amplifying information was provided in the results of trial. The appellant suggests that because the results of trial did not specifically state the conduct of which he was convicted and that it was attached to the SJAR for the CA to consider, the CA misunderstood the conduct of which the appellant was convicted when he took action on the record of trial. We disagree.

While the results of trial were arguably incomplete by indicating that the appellant pleaded guilty by exceptions and substitutions but not specifically listing out the excepted and substituted language, we cannot say that the results of trial were in error. We do note, however, that in response to the SJAR which contained the results of trial, the trial defense counsel submitted a request for clemency which properly

2

reflected that the appellant was convicted of five specifications of drug possession vice distribution. We additionally note that Part I of the pretrial agreement signed by the CA specifically states that the agreement was predicated on the appellant pleading guilty, by exceptions and substitutions, to drug possession vice distribution. The court-martial order clearly states that the CA considered the pretrial agreement, the results of trial, the record of trial, and the defense's clemency request of 30 December 2014 prior to taking action. We have little difficulty concluding that the CA understood the conduct of which the appellant was convicted prior to taking action on the record of trial, notwithstanding the scrivener's error on the court-martial order.

While we find the appellant's argument that he was somehow prejudiced by the error in the court-martial order to be without merit, we do find that the appellant is entitled to records that correctly reflect the results of court-martial proceedings. *See United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998).

## Conclusion

The findings and the sentence are affirmed. The supplemental court-martial order shall reflect that the appellant pleaded guilty to and was found guilty of Specifications 1-5 of Charge IV by exceptions and substitutions of drug possession vice distribution.


For the Court



R.H. TROIDL
Clerk of Court