# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

**Before**
**J.A. FISCHER, T.H. CAMPBELL, T.J. STINSON**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**MATTHEW D. HILL**
**AVIATION MAINTENANCE ADMINISTRATIONMAN**
**(E-5), U.S. NAVY**

**NMCCA 201500162**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 27 Feb 2015.
**Military Judge:** CAPT R.B. Blazewick, JAGC, USN.
**Convening Authority:** Commander, Navy Region Southeast, Naval Air Station, Jacksonville, FL.
**Staff Judge Advocate's Recommendation:** CDR N.O. Evans, JAGC, USN.
**For Appellant:** LCDR Ryan Mattina, JAGC, USN.
**For Appellee:** LCDR Justin Henderson, JAGC, USN.

**19 November 2015**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of simple assault, stalking, three additional specifications of assault, two specifications of cruelty to animals, two specifications of domestic abuse, and five specifications of communicating a threat in violation of Articles 120a, 128, and 134, Uniform Code

of Military Justice, 10 U.S.C. §§ 920a, 928, and 934.  The military judge sentenced the appellant to thirty-two months' confinement, reduction to pay grade E-1, and a dishonorable discharge.  The convening authority approved the sentence as adjudged.

Although neither raising assignments of error nor claiming prejudice, the appellant notes that the dates alleged in the cruelty to animal specifications are inconsistent with facts developed during the providence inquiry.  The need and intent to modify the January 2014 dates was discussed at trial,[1] but the charge sheet was not changed.  We find no prejudice resulting from this error, but the appellant is entitled to have his records corrected.

We also note that the Government erroneously charged attempted aggravated assault with a means likely to cause death or grievous bodily harm, in the sole specification under Charge I, as an Article 80 violation.  *See* MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 4c(6).  However, pursuant to a pretrial agreement, the appellant providently pled guilty to simple assault, erroneously identifying simple assault as a lesser included offense to the attempt charge.  The stipulation of fact addresses "Charge I, Violation of the UCMJ, Article 80 (LIO 128 Simple Assault)"[2] and the military judge properly advised the appellant of the Article 128 elements.[3]  Thus despite the erroneous article number, we find the specification provided sufficient notice of the nature of the alleged misconduct, protected the appellant from double jeopardy, and resulted in no demonstrable prejudice.  *See* RULE FOR COURTS-MARTIAL 307(d), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).[4]

---

[1] Record at 75-79.

[2] Prosecution Exhibit 1 at 1.

[3] Record at 41-45.

[4] Our sister court has similarly addressed attempted Article 128 violations styled as Article 80 convictions.  In *United States v. Sloas*, No. 9901165, 2001 CCA LEXIS 468, unpublished op. (Army Ct.Crim.App. 5 Nov 2001), the court modified an Article 80 specification into an Article 128 attempt to inflict grievous bodily harm based on the providence inquiry.  In *United States v. Wilkins*, No. 20051373, 2008 CCA LEXIS 610, unpublished op. (Army Ct.Crim.App. 30 Apr 2008), the court affirmed Article 80 convictions for attempting to bite and strike two victims.  The court in both cases determined the specifications had provided sufficient notice of the nature of the misconduct, protected the appellant from double jeopardy, and resulted in no demonstrable prejudice when each appellant providently plead guilty to the

2

To ensure record accuracy we direct corrective action for both noted errors in our decretal paragraph. *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). After carefully considering the record, we conclude the findings and sentence are correct in law and fact and no error materially prejudicial to the appellant's substantial rights was committed. Arts. 59(a) and 66(c), UCMJ.

## Conclusion

The findings and sentence as approved by the convening authority are affirmed. The supplemental court-martial order (SCMO) will reflect that the appellant pled guilty to Charge I as a violation of Article 128, UCMJ. Additionally, as to Specifications 1 and 2 of Charge VI, the SCMO will substitute the figure "2013" for the figure "2014" following the word "January" in each specification.

For the Court

R.H. TROIDL
Clerk of Court

---

charged specifications after being advised of the elements of Article 128 offenses.

3