# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

————————————————

## No. 201400409

————————————————

## UNITED STATES OF AMERICA
Appellee

v.

## JOSHUA D. NEWLAN
Corporal (E-4), U.S. Marine Corps
Appellant

————————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Trial – Lieutenant Colonel L.J. Francis, USMC;
Rehearing -Lieutenant Colonel Brian E. Kasprzyk, USMCR.
Convening Authority: Commanding General, 3d Marine Aircraft
Wing, Marine Corps Air Station Miramar, San Diego, California.
Staff Judge Advocate's Recommendation: Lieutenant Colonel W.
Lee, USMC.
For Appellant: Captain Daniel R. Douglass, USMC.
For Appellee: Lieutenant Kimberly Y. Rios, JAGC, USN;
Captain Sean M. Monks, USMC.

————————————————

Decided 12 March 2018

————————————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

————————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————————

PER CURIAM:

This case is before us a second time. In our previous opinion, we set aside the appellant's conviction for sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012), affirmed his conviction for adultery in violation of Article 134, UCMJ, 10 U.S.C. § 934

(2012)[1], set aside the sentence, and authorized a rehearing. *United States v. Newlan*, No. 201400409, 2016 CCA LEXIS 540 (N-M. Ct. Crim. App. 13 Sep 2016).

Prior to the rehearing the appellant and convening authority entered into a pretrial agreement resulting in the withdrawal of the sexual assault charge and referral of an Addional Charge alleging an assault consummated by battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2012).[2] At the rehearing, a military judge, sitting as a general court-martial, convicted the appellant, pursuant to his plea, of assault consummated by battery. For both the adultery conviction from his first trial and the assault conviction at the rehearing, the military judge sentenced the appellant to reduction to pay grade E-1 and nine months' confinement. The convening authority approved the sentence as adjudged and ordered it executed.

In his sole assignment of error, the appellant asserts that the court-martial promulgating order and report of results of trial do not accurately reflect his plea of not guilty at his first trial to Charge II and its sole specification, adultery. We agree. Reviewing under a harmless-error standard, we find that the error in the promulgating order "did not affect the appellant's substantial rights, since no prejudice was alleged or is apparent." *United States v. Crumpley,* 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1989). However, an appellant is entitled to an official record that accurately reflects the results of his proceedings. *Id.*

The findings and sentence are affirmed. Arts. 59(a) and 66(c), UCMJ. The supplemental promulgating order will reflect that the appellant was arraigned on Charge II and its sole specification on 25 October 2013; that he pleaded not guilty to both Charge II and its specification; that he was found guilty of that offense on 1 April 2014; and the findings as to that offense were affirmed by the Navy-Marine Corps Court of Criminal Appeals on 13 September 2016.

For the Court



R.H. TROIDL
Clerk of Court

---

[1] This offense was reflected as the sole specification of Charge II on the charge sheet.

[2] Appellate Exhibit I(R).