# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

————————————

## No. 201700260

————————————

### UNITED STATES OF AMERICA
Appellee

v.

### RYAN E. SIDES
Lance Corporal (E-3)
United States Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Leon J. Francis, USMC.
Convening Authority: Commanding Officer, Headquarters Battalion,
Marine Corps Base Hawaii, Kaneohe Bay, HI.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Breven
C. Parsons, USMC.
For Appellant: Major James S. Kresge, USMCR.
For Appellee: Captain Luke Huisenga, USMC;
Captain Sean M. Monks, USMC.

————————————

Decided 17 April 2018

————————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

The appellant was convicted by a military judge sitting as a special court-martial, consistent with his pleas, of attempted larceny, conspiracy to commit larceny, and larceny in violation of Articles 80, 81, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 881, and 921. The military judge sentenced the appellant to 90 days' confinement, reduction to pay grade E-1, and a bad-conduct discharge. In accordance with a pretrial agreement, the

convening authority (CA) disapproved confinement in excess of 60 days and approved the remainder of the sentence. The CA waived automatic forfeitures for six months.

In his sole assignment of error, the appellant asserts that the CA's action was ambiguous because in the "Approval" section it states that the appellant was tried by a general court-martial. We find that the CA's action was clear and unambiguous. The promulgating order in this case is identified as "Special Court-Martial Order No. 1-17" and accurately reflects a summary of all charges and specifications on which the appellant was arraigned, the appellant's pleas, the findings or disposition of all charges and specifications on which the appellant was arraigned, the sentence, and the action taken by the CA. A single reference to the appellant's case being tried at a general court-martial was merely a scrivener's error. The appellant, however, is entitled to an accurate official record of his proceedings, and we will therefore order corrective action in our decretal paragraph. *See United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1989).

## CONCLUSION

Concluding that the findings and sentence are correct in law and fact, and finding no error materially prejudicial to the substantial rights of the appellant, the findings and sentence, as approved by the CA, are affirmed. The supplemental court-martial order shall note that the "Approval" section of the CA's action should reflect that the appellant was tried by special court-martial.

For the Court



R.H. TROIDL
Clerk of Court

2