*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
KING, TANG, and FOIL,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Ethan D. STRANDBERG**
Machinist's Mate Nuclear Power
Second Class (E-5), U.S. Navy
Appellant

**No. 201900094**

Decided: 31 October 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Sentence adjudged 7 December 2018 by a special court-martial convened at Fleet Activities, Yokosuka, Japan, consisting of a military judge sitting alone. Military Judge: Stephen C. Reyes, JAGC, USN. Sentence approved by the convening authority: reduction to E-1, confinement for 180 days,[1] and a bad-conduct discharge.

For Appellant: Lieutenant Commander Erin L. Alexander, JAGC, USN.

For Appellee: Brian K. Keller, Esq.

_____

---

[1] The Convening Authority suspended confinement in excess of 60 days pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the court-martial order (CMO) does not accurately reflect the disposition of all charges and specifications.

The appellant pleaded guilty by exceptions to the Specification of Charge I, excepting certain language.[2] The CMO fails to indicate that the excepted language in the Specification of Charge I was dismissed without prejudice, to ripen into prejudice upon completion of appellate review.[3] The appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall properly reflect that the excepted language of the Specification of Charge I was dismissed without prejudice, to ripen into prejudice upon completion of appellate review.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[2] *See* Record at 14.

[3] *Id.* at 46.