*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
TANG, J. STEPHENS, and ATTANASIO
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Cameron D. KAY**
Yeoman Second Class (E-5), U.S. Navy
Appellant

**No. 201900161**

Decided: 31 October 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Captain Aaron C. Rugh, JAGC, USN. Sentence adjudged 10 April 2019 by a special court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, confinement for 100 days, and a bad-conduct discharge.[1]

For Appellant: Commander Mark Takla, JAGC, USN.

For Appellee: Brian Keller, Esq.

_____

---

[1] The Convening Authority suspended 10 days of confinement, as recommended by the military judge.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the Entry of Judgment does not accurately reflect the findings.

The Entry of Judgment reflects that Charge I and its sole Specification were withdrawn. Pursuant to the pretrial agreement, the parties agreed the convening authority would withdraw the charge and specification to which Appellant pleaded not guilty, and that the charge and specification would be dismissed without prejudice upon announcement of sentence, with such dismissal to ripen into dismissal with prejudice upon completion of appellate review in which the findings and sentence have been upheld.[2] However, the Entry of Judgment merely reflects that the charge and specification were withdrawn.

Although we find no prejudice from this error, the appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the record is returned to the Judge Advocate General for correction of the Entry of Judgment to properly reflect that Charge I and its Specification were withdrawn and dismissed with such dismissal to ripen into dismissal with prejudice upon completion of appellate review in which the findings and sentence have been upheld.

---

[2] Appellate Exhibit V at 6.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court