*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
TANG, LAWRENCE, and J. STEPHENS,
Appellate Military Judges

————————————

**UNITED STATES**
Appellee

**v.**

**Sean M. GEVERO**
Electrician's Mate (Nuclear) Second Class (E-5), U.S. Navy
Appellant

**No. 201900148**

Decided: 27 November 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Sentence adjudged 14 February 2019 by a special court-martial convened at Fleet Activities Yokosuka, Japan, consisting of a military judge sitting alone. Military Judge: Captain Stephen C. Reyes, JAGC, USN. Sentence approved by the convening authority: reduction to E-1, confinement for 90 days, and a bad-conduct discharge.[1]

For Appellant: Lieutenant Daniel E. Rosinski, JAGC, USN.

For Appellee: Brian K. Keller, Esq.

————————————

---

[1] The convening authority suspended the adjudged bad-conduct discharge pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the court-martial order (CMO) does not accurately reflect the disposition of all charges and specifications.

Appellant pleaded not guilty to Specification 1 of the sole Charge, Article 112a, wrongful distribution of lysergic acid diethylamide, but guilty to the lesser-included offense, possession with intent to distribute lysergic acid diethylamide. However, the CMO is silent on the resolution of the original greater offense of wrongful distribution despite both the military judge's grant of the Government's motion before findings to withdraw and dismiss this greater offense language without prejudice to ripen into prejudice upon completion of appellate review and the express terms of the pretrial agreement (PTA).[2]

The appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[3] Accordingly, the supplemental CMO shall properly reflect the disposition of the language in Specification I of the sole Charge.

---

[2] Record at 299; Appellate Exhibit 21 at 4. In the PTA, the convening authority agreed to "withdraw the language of the offense to which [Appellant pleaded] not guilty" and to dismiss "without prejudice, to ripen into prejudice upon completion of appellate review in which the findings and sentence are upheld."

[3] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court