*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HITESMAN, GASTON, and GERRITY,
Appellate Military Judges

_____

## UNITED STATES
Appellee

**v.**

## Zachary M. BAUER
Information Systems Technician Second Class (E-5), U.S. Navy
Appellant

## No. 201900173

Decided: 27 November 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judges: Captain Michael Luken, JAGC, USN (arraignment); Commander Hayes Larsen, JAGC, USN (trial).

Sentence adjudged 14 February 2019 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 3 years, and a bad-conduct discharge.[1]

For Appellant: Lieutenant Commander W. Scott Stoebner, JAGC, USN.

For Appellee: Brian K. Keller, Esq.

---

[1] The military judge adjudged a dishonorable discharge. However, pursuant to a pretrial agreement, the convening authority commuted the dishonorable to a bad-conduct discharge and suspended confinement in excess of 18 months for a period of 12 months.

_____

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866.

However, we note that the Entry of Judgment does not accurately reflect the disposition of the charges. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). In accordance with Rule for Courts-Martial 1111(c)(2), Manual for Courts-Martial, United States (2019 ed.), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 201900173** |
| **v.** | **ENTRY OF JUDGMENT** |
| **Zachary M. BAUER** | |
| **Information Systems Technician** | |
| **Second Class (E-5)** | **As Modified on Appeal** |
| **U. S. Navy** | **27 November 2019** |
| **Accused** | |

On 4 January and 14 February 2019, the Accused was tried at Naval Station Norfolk, by a general court-martial, consisting of a military judge sitting alone. Military Judges Michael Luken and Hayes Larsen, presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed.

**Specification 1:** **Attempted Sexual Assault of a Child on or about 16 February 2018.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed.

**Specification 2:** **Attempted Receipt of Child Pornography on or about 15 February 2018.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed.

**Specification 3:** **Divers Attempted Sexual Abuse of a Child Involving Indecent Communication from on or about 12 February 2018 to on or about 16 February 2018.**

> *Plea:* Not Guilty.

> *Finding:* Withdrawn and dismissed.

**Additional Charge:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

> *Plea:* Guilty.

> *Finding:* Guilty.

**Specification:** **Attempted Sexual Abuse of a Child on or about 16 February 2018.**

> *Plea:* Guilty.

> *Finding:* Guilty.

## SENTENCE

On 14 February 2019, a military judge sentenced the Accused to the following (as modified, if at all, during any post-trial action):

**Reduction to pay grade E-1.**

**Confinement for 36 months.**

**A bad-conduct discharge.**

The convening authority suspended confinement in excess of 18 months for a period of 12 months.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court