*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, HOLIFIELD, and ATTANASIO,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Felix AYALACRUZ**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201800193**

Decided: 5 October 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary
*upon further review*

Military Judge:
Eugene H. Robinson, Jr.

Sentence adjudged 2 March 2018 by a special court-martial convened at Camp Foster, Okinawa, Japan, consisting of officer members. Sentence approved by the convening authority: no punishment.

For Appellant:
*Lieutenant Gregory Hargis, JAGC, USN*

For Appellee:
*Lieutenant Commander Jeffrey S. Marden, JAGC, USN;*
*Major Clayton L. Wiggins, U.S. Marine Corps*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

In our initial review of Appellant's court-martial pursuant to Article 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 866 (2012), we set aside and dismissed with prejudice the findings of guilty to Charge II and its sole specification. *United States v. Ayalacruz*, 79 M.J. 747 (N-M. Ct. Crim. App. 2020). We found that the remaining findings were correct in law and fact. We set aside the sentence and remanded the record of trial to the convening authority with authorization to order a rehearing on sentence or to approve a sentence of no punishment. We also directed the convening authority to correct his convening authority's action to indicate that Appellant was arraigned on four charges and specifications and that the original Charge II was withdrawn and dismissed and the remaining charges were renumbered. We called on the convening authority to correctly reflect the findings to all charges and specifications including that renumbered Charge II and its Specification were dismissed with prejudice.

The convening authority chose to not order a rehearing and simply approved a sentence of no punishment. Unfortunately, he failed once again to accurately document the charges and specifications on which Appellant was arraigned as is required by Rule for Courts-Martial 1114(c)(1).

We reiterate that Appellant is entited to accurate court-martial records. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998); *Ayalacruz*, 79 M.J. at 755. To that end, the supplemental promulgating order shall indicate that the Appellant was arraigned on four charges and specifications; that the original Charge II and its sole specification, alleging a violation of Art. 107, UCMJ, were withdrawn and dismissed; and that the original Charges III and IV were renumbered as Charges II and III, respectively. It shall also reflect that renumbered Charge II and its specification were set aside on appeal and dismissed with prejudice.

We have determined that the findings and sentence are now correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts 59, 66. The findings and sentence are therefore **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court