*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, HOUTZ, and ATTANASIO
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Damon V. WILLIAMS III**
Machinist's Mate Fireman (E-3), U.S. Navy
Appellant

**No. 202000092**

Decided: 25 November 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Michael J. Luken

Sentence adjudged 18 December 2019 by a special court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 10 months and a bad-conduct discharge.

For Appellant:
*Commander Jonathan Riches, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice [UCMJ] arts. 59, 66, 10 U.S.C. §§ 859, 866.

However, we note that the Entry of Judgment [EOJ] fails to reflect the convening authority's action to waive imposition of automatic forfeitures of pay pursuant to UCMJ Article 58b.[1] *See* Rule for Courts-Martial [R.C.M.] 1111(b)(3)(B) (EOJ shall specify any waiver request and the convening authority's action thereon).

Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). In accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

_____

[1] The EOJ notes the convening authority *deferred* automatic forfeitures, but fails to note that the convening authority also *waived* automatic forfeitures.

# United States Navy–Marine Corps Court of Criminal Appeals

| UNITED STATES | NMCCA NO. 202000092 |
|---|---|
| **v.** | **ENTRY OF JUDGMENT** |
| **Damon V. WILLIAMS III**<br>**Machinist's Mate Fireman (E-3)**<br>**U.S. Navy**<br>*Accused* | *As Modified on Appeal*<br><br>**25 November 2020** |

On 11 October 2019 and 18 December 2019, the Accused was tried at Naval Station Norfolk, Virginia, by a special court-martial consisting of a military judge sitting alone. Military Judge Michael J. Luken, presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification:** **Wrongful use of marijuana.**

*Plea:* Guilty.
*Finding:* Guilty.

**Charge II:** **Violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.**

*Plea:* Guilty.
*Finding:* Dismissed.

**Specification:** **Larceny.**

> *Plea:* Guilty.
>
> *Finding:* Withdrawn and dismissed.

**Charge III:** **Violation of Article 121a, Uniform Code of Military Justice, 10 U.S.C. § 921a.**

> *Plea: Guilty.*
>
> *Finding: Guilty.*

**Specification 1:** **Fraudulent use of credit card.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification 2:** **Fraudulent use of credit card.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

## SENTENCE

On 18 December 2019, a military judge sentenced the Accused to the following:

**Confinement for 10 months.**

**A bad-conduct discharge.**

The Accused is credited with having served 125 days of pretrial confinement.

As required by the plea agreement, the convening authority deferred automatic forfeiture of pay pursuant to UCMJ Article 58b starting 14 days after the date the sentence was adjudged until the date the military judge signed the Entry of Judgment; waived automatic forfeiture of pay pursuant to UCMJ Article 58b for a period of six months, starting on the date the military judge signed the EOJ; and directed that the deferred and waived forfeitures be paid to the Accused's dependent.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court