*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DEERWESTER, HACKEL, and KIRKBY
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**NATHANIEL R. MACIAS**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202200005**

_____

Decided: 13 October 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
John P. Norman

Sentence adjudged 21 September 2021 by a special court-martial convened at Twentynine Palms, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for one-hundred-and-fifty days, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Megan E. Horst, JAGC, USN*

---

[1] Appellant was credited with one-hundred-and-eighty-three days of pretrial confinement credit.

———————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————————

PER CURIAM:

Appellant was convicted, consistent with his pleas, of conspiracy to disobey a lawful general order, failure to obey a lawful general order, and assault consummated by battery in violation of Articles 81, 92, and 128, Uniform Code of Military Justice [UCMJ].[2] Appellant does not assert any assignments of error (AOEs). However, on 23 August 2022, Appellant submitted a Motion to Correct Error in the Record arising from an alleged error regarding firearm possession in the Statement of Trial Results, which we granted. We take action arising from Appellant's motion in our decretal paragraph.

## I. BACKGROUND

The Gun Control Act of 1968 [GCA] governs the impact of criminal convictions on the ability to possess firearms and ammunition.[3] Under section 922(g) of the GCA, it becomes unlawful for a person to receive, possess, ship, or transport firearms or ammunition if that person has been convicted of any offense punishable by imprisonment for a term exceeding one year.[4] The prohibition also extends to persons who receive a dishonorable discharge or dismissal at a general court-martial, as well as any person convicted of a domestic violence offence; unlawful users of controlled substances; and fugitives from justice.[5] Under the statute, convictions adjudicated by a special court-martial do not count as offensives punishable by imprisonment for a term exceeding one year because of the jurisdictional limitations attached to that forum.[6]

———————————————

[2] 18 U.S.C. §§ 881, 892, 982.

[3] 18 U.S.C. § 921 *et seq.*, as amended.

[4] 18 U.S.C. § 922(g) (2022).

[5] *Id.*

[6] 27 C.F.R. § 478.11 (2022).

## II. DISCUSSION

### A. Record Correction Pursuant to *United States v. Crumpley*

Whether a record of trial is accurate and complete is a question we review de novo.[7] An appellant is entitled to have the official record accurately reflect what happened in the proceedings.[8] Appellant submits that the Statement of Trial Results in his case does not accurately reflect the proceedings because it incorrectly indicates that he is subject to the ban effectuated by the GCA. The Government concedes that "section G of the Statement of Trial Results incorrectly states that Appellant's case triggers a firearm possession prohibition in accordance with 18 U.S.C. § 922."[9]

Because Appellant was convicted by a special-court martial, received a bad conduct discharge (vice a dishonorable discharge), and was not convicted of one of the aforementioned triggering offenses under the GCA, we agree that the Statement of Trial Results is inaccurate. We find that the inclusion of this error in the post-trial processing paperwork did not affect Appellant's substantive rights at trial, since no prejudice was alleged or is apparent.[10] However, we take action in our decretal paragraph to ensure that this administrative error does not affect Appellant's rights in the future.

## III. CONCLUSION

After careful consideration of the record, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[11]

However, the record of trial does not accurately reflect the disposition of Appellant's court-martial.[12] Although we find no prejudice, Appellant is enti-

---

[7] *United States v. Crumpley*, 49 M.J. 538 (N-M Ct. Crim. App. 1998).

[8] *Crumpley*, 49 M.J. at 539.

[9] Government's Consent Motion for Leave to File and Motion to Correct Error in the Record at 2.

[10] *Crumpley*, 49 M.J. at 539.

[11] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[12] The record of trial contains two charge sheets. The first, preferred on March 2, 2021 and referred on April 1, 2021, has been erroneously included and should be removed.

tled to have court-martial records that correctly reflect the content of his proceeding.[13] In accordance with Rule for Courts-Martial 1111(c)(2), we modify section G of the Statement of Trial Results and direct that the erroneous indication that Appellant is subject to the ban imposed by the GCA be removed and section G be corrected to accurately reflect that Appellant is **not** subject to the weapons and ammunition controls imposed by the GCA.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

S. TAYLOR JOHNSTON
Acting Clerk of Court

---

[13] *Crumpley*, 49 M.J. at 539.

4