*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, FLUHR, and BROWN
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**Ashonte L. HAYES**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202500403**

———————————

Decided: 13 April 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Gable F. Hackman

Sentence adjudged 2 June 2025 by a special court-martial tried at Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1 and a bad-conduct discharge.

For Appellant:
*Lieutenant Colonel Timothy G. McCormick, USMC*

―――――――――――――

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

―――――――――――――

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

However, we note that the Entry of Judgment is deficient in that certain specifications are incorrectly summarized. Appellant has the right for the Entry of Judgment to accurately summarize each specification referred to trial and to include the correct date of each offense as required by Rule for Courts-Martial (R.C.M.) 1111(b)(1)(A) and *United States v. Wadaa.*[2] Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of her proceeding.[3] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

―――――――――――――

[1] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[2] 84 M.J. 652, 655 (N-M. Ct. Crim. App. 2024). See Block 11 of the Entry of Judgment (incorrectly listing Article 81, rather than Article 128, as the offense underlying Charge II and incorrectly stating 23 March 2024, rather than 9 March 2024, as the offense date for Specification 2 under Charge II).

[3] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202500403 |
| **v.** | **ENTRY** |
| | **OF** |
| **Ashonte L. HAYES** | **JUDGMENT** |
| **Corporal (E-4)** | |
| **U.S. Marine Corps** | *As Modified on Appeal* |
| *Accused* | |
| | **13 April 2026** |

On 2 June 2025, the Accused was tried at Camp Lejeune, North Carolina, by a special court-martial, consisting of a military judge sitting alone. Military Judge Gable F. Hackman presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification:** **On or about 23 March 2024, conspiracy to commit an offense under the Uniform Code of Military Justice, to wit: a violation of Article 128, assault consummated by a battery.**

*Plea:* Guilty.
*Finding:* Guilty.

**Charge II:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:**      **Assault Consummated by a Battery on or about 23 March 2024.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 2:**      **Assault Consummated by a Battery on or about 9 March 2024.**

*Plea:* Guilty.

*Finding:* Guilty.

**Charge III:**    **Violation of Article 82, Uniform Code of Military Justice, 10 U.S.C. § 882.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification:**      **On or about 23 March 2024, solicitation of another to obstruct justice in violation of Article 131b, to wit: wrongfully delete a video of a 23 March 2024 altercation with the intent to obstruct the due administration of justice.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge IV:**    **Violation of Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:**      **False Official Statement on or about 26 March 2024.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:**        **False Official Statement on or about 9 March 2024.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 3:**        **False Official Statement on or about 23 March 2024.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

## SENTENCE

On 2 June 2025, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**A bad-conduct discharge.**

**Confinement**

*For the Specification of Charge I:*

confinement for 90 days.

*For Specification 1 of Charge II:*

confinement for 90 days.

*For Specification 2 of Charge II:*

confinement for 90 days.

The terms of confinement will run concurrently.

**Confinement for a total of 90 days.**

On 22 September 2025, the convening authority modified the adjudged confinement through post-trial action as follows:

*For the Specification of Charge I:*

adjudged confinement of 90 days reduced by 90 days.

*For Specification 1 of Charge II:*

adjudged confinement of 90 days reduced by 90 days.

*For Specification 2 of Charge II:*

adjudged confinement of 90 days reduced by 90 days.

**Confinement for a total of zero days.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court