# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**Lance X. MOSLEY**
Corporal (E-4), U.S. Marine Corps
*Appellant*

**No. 202500390**

————————————

Decided: 29 April 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Robert J. Boudreau

Sentence adjudged 30 May 2025 by a special court-martial tried at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, forfeiture of $1,546 pay per month for 12 months, confinement for 6 months, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Commander Marc D. Hendel, JAGC, USN*

---

[1] Appellant was credited with having served 30 days of pretrial confinement.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

However, we note that the Entry of Judgment is deficient in that the modification of confinement by the convening authority's action was not noted by the military judge. Appellant has the right for the Entry of Judgment to accurately reflect a sentence that accounts for any modification made by reasons of any post-trial action by the convening authority as required by R.C.M. 1111(b)(2). Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[3]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[2] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[3] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202500390 |
| v. | **ENTRY** |
| | **OF** |
| **Lance X. MOSLEY** | **JUDGMENT** |
| **Corporal (E-4)** | |
| **U.S. Marine Corps** | |
| *Accused* | *As Modified on Appeal* |
| | **29 April 2026** |

On 30 May 2025, the Accused was tried at Marine Corps Base Camp Lejeune, North Carolina, by a special court-martial, consisting of a military judge alone. Military Judge Robert J. Boudreau presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I: Violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification: On or about 23 March 2024, commit an offense under the Uniform Code of Military Justice, to wit: a violation of Article 128, assault consummated by a battery**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Charge II: Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification:  Assault Consummated by a Battery on or about 23
March 2024.**

> *Plea:* Guilty.

> *Finding:* Guilty.

**Charge III: Violation of Article 116, Uniform Code of Military Justice,
10 U.S.C. § 916.**

> *Plea:* Guilty.
> *Finding:* Guilty

**Specification: Breach of the Peace on or about 23 March 2024.**

> *Plea:* Guilty.

> *Finding:* Guilty.

**Charge IV: Violation of Article 92, Uniform Code of Military Justice,
10 U.S.C. § 892.**

> *Plea:* Guilty.
> *Finding:* Guilty

**Specification: Failure to obey a Lawful General Order, para.
4(c)(1), General Order MCIEAST-MCB CAMLEJO
5500.1A, dated 16 August 2021, on or about 23
March 2024.**

> *Plea:* Guilty.

> *Finding:* Guilty.

## SENTENCE

On 30 May 2024, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1**

**A bad-conduct discharge**

**Forfeiture of $1,546 pay per month for 12 months**

**Confinement**

> *For the specification of Charge I:*

> Confinement for 6 months

*For the specification of Charge II:*

Confinement for 6 months

*For the specification of Charge III:*

Confinement for 6 months

*For the specification of Charge IV:*

Confinement for 6 months

The terms of confinement will run concurrently.

**Confinement for a total of 6 months.**

The Accused is credited with having served 30 days of confinement.

On 3 September 2025, the convening authority modified the adjudged confinement through post-trial action as follows:

Adjudged confinement of 6 months reduced by 4 months.

**Confinement for a total of 2 months.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court