*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
TANG, J. STEPHENS, and GERRITY,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Cristian ALCANTAR**
Sergeant (E-5), U.S. Marine Corps
Appellant

**No. 201900152**

Decided: 31 October 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Sentence adjudged 27 February 2019 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Military Judges: Ray B. Slabbekorn (arraignment), John P. Norman (trial). Sentence approved by the convening authority: reduction to E-1, confinement for 180 days, and a bad-conduct discharge[1].

For Appellant: Lieutenant Michael W. Wester, JAGC, USN.

For Appellee: Brian K. Keller, Esq.

_____

[1] The Convening Authority suspended confinement in excess of 90 days pursuant to a pretrial agreement.

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the court-martial order (CMO) does not accurately reflect the disposition of all charges and specifications. The appellant pleaded guilty by exceptions to Specifications 1 and 4 of the Charge, excepting the words "on divers occasions."[2] Although the CMO reflects that the appellant entered pleas of guilty by exceptions, the CMO inaccurately indicates that the appellant was found guilty of these specifications as charged. In addition, the CMO fails to note that the excepted language was withdrawn and dismissed without prejudice to "ripen into prejudice upon the completion of appellate review and the affirmation of the findings and the sentence."[3]

The appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall properly reflect that the appellant was found guilty of Specifications 1 and 4 *as excepted,* and it shall also note the disposition of the excepted language from Specifications 1 and 4 of the Charge.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[2] Record at 32.

[3] *Id*. at 75.