*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and LAWRENCE
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Reggie W. MURRAY II**
Aviation Boatswain's Mate (Aircraft Handling) Airman Apprentice (E-2), U.S. Navy
Appellant

**No. 201800163**

Decided: 14 December 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary
upon further review following remand from the United States
Navy-Marine Corps Court of Criminal Appeals

Military Judge:
Ann K. Minami

Sentence adjudged 28 March 2018 by a special court-martial convened at Naval Base Kitsap-Bremerton, Washington, consisting of a military judge sitting alone. Sentence approved by the convening authority: no punishment.[1]

---

[1] Upon appeal, we set aside Appellant's conviction on one Specification as well as his original sentence of reduction to paygrade E-1, confinement for 10 months, and a bad-conduct discharge, and remanded it for a rehearing or approval of a sentence of no punishment. *See United States v. Murray*, No. 201800163, 2019 CCA LEXIS 483 (N-M. Ct. Crim. App. Dec. 5, 2019) (unpublished).

Opinion of the Court

For Appellant:
*Lieutenant Commander Erin L. Alexander, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

———————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error but noting an administrative error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice arts. 59, 66, 10 U.S.C. §§ 859, 866.

Appellant notes an administrative error in the court-martial order. It does not make clear that Charge I and its Specification were withdrawn and dismissed. Although we find no prejudice from this scrivener's error, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, we order correction of records in this case to accurately reflect Appellant's conviction.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court