*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, BAKER, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Aztavo R. RANGEL**
Boatswain's Mate Third Class (E-4), U.S. Navy
*Appellant*

**No. 202100233**

Decided: 26 January 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Donald R. Ostrom

Sentence adjudged 14 May 2021 by a special court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 210 days, and a bad-conduct discharge.

For Appellant:
*Commander C. Eric Roper, JAGC, USN*

_____

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

However, we note that the Entry of Judgment does not accurately reflect the disposition of the charges. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[2] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[2] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202100233 |
| v. | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Aztavo R. RANGEL**<br>**Boatswain's Mate Third Class (E-4),**<br>**U. S. Navy**<br><br>*Accused* | *As Modified on Appeal*<br><br>**26 January 2022** |

On 14 May 2021, the Accused was tried at Naval Station Norfolk, Virginia, by special court-martial consisting of a military judge sitting alone. Military Judge Donald R. Ostrom presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:**     **Violation of Article 81, Uniform Code of Military Justice, 10 U.S.C. § 881.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:**   **Conspiracy to wrongfully distribute a controlled substance from on or about May 2019 to on or about May 2020.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Specification 2:**   **Conspiracy to wrongfully introduce a controlled substance onto vessels and an installation used by the armed forces, with intent to distribute, from on or about May 2019 to on or about May 2020.**

> *Plea:* Guilty.
> *Finding:* Guilty.

3

**Charge II:** **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:** **Wrongful distribution of lysergic acid diethylamide on divers occasions from on or about May 2019 to on or about May 2020.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:** **Wrongful use of lysergic acid diethylamide on divers occasions from on or about November 2019 to on or about January 2020.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Specification 3:** **Wrongful introduction of lysergic acid diethylamide on divers occasions onto a vessel under control of the armed forces from on or about September 2019 to on or about May 2020.**

> *Plea:* Guilty.
> *Finding:* Guilty.

## SENTENCE

On 14 May 2021, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for a total of 210 days, as follows:**

> *For Specification 2 of Charge I:*
> confinement for 210 days.

> *For Specification 1 of Charge II:*
> confinement for 210 days.

> *For Specification 3 of Charge II:*
> confinement for 210 days.

> The terms of confinement will run concurrently.

**A bad-conduct discharge.**

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court