*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, BAKER, and MYERS
Appellate Military Judges

—————————————

**UNITED STATES**
*Appellee*

**v.**

**Austin T. FLOYD**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202100095**

—————————————

Decided: 21 March 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Keaton H. Harrell

Sentence adjudged 6 January 2021 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 55 days, and a bad-conduct discharge.

For Appellant:
*Captain Colin A. Kisor, JAGC, USN*

—————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

—————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

However, we note that the Entry of Judgment does not accurately reflect the disposition of the charges.[2] Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[3] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[2] The Entry of Judgment is missing the plea and finding for the specification of one of the charges. *See* Rule for Courts-Martial 1111(b)(1) (requiring the Entry of Judgment to contain the pleas and findings for "each charge *and* specification referred to trial") (emphasis added).

[3] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202100095 |
| v. | **ENTRY OF JUDGMENT** |
| **Austin T. FLOYD**<br>Lance Corporal (E-3)<br>U.S. Marine Corps<br>*Accused* | *As Modified on Appeal*<br><br>**21 March 2022** |

On 6 January 2021 the Accused was tried at Marine Corps Base Camp Lejeune, North Carolina, by a special court-martial consisting of military judge sitting alone. Military Judge Keaton H. Harrell presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification:** Wrongful use of Lysergic Acid Diethylamide (LSD) on or about 30 May 2020.

> *Plea:* Guilty.
> *Finding:* Guilty.

**Additional Charge I:** Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

> *Plea:* Guilty.
> *Finding:* Guilty.

3

| Specification: | **Violating a lawful general order by wrongfully transporting a privately owned loaded firearm on Camp Lejeune on or about 30 September 2020.** |

*Plea:* Guilty.

*Finding:* Guilty.

| Additional Charge II: | **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.** |

*Plea:* Not Guilty.

*Finding:* Dismissed.

| Specification: | **Wrongful distribution of LSD on divers occasions between on or about 8 September and on or about 30 September 2020.** |

*Plea:* Not Guilty.

*Finding:* Dismissed.

## SENTENCE

On 6 January 2021, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

*For the Specification of the Charge:*
confinement for 30 days.

*For the Specification of Additional Charge I:*
confinement for 55 days.

The terms of confinement will run concurrently.

**Confinement for a total of 55 days.**

**A bad-conduct discharge.**

The Accused has served 50 days' pretrial confinement, which shall be deducted from the adjudged sentence to confinement.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court