*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, BAKER, and MIZER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Emmanuel ROMAN, Jr.**
Gas Turbine Systems Technician (Electrical) Fireman Apprentice (E-2), U.S. Navy
*Appellant*

**No. 202300176**

_____

Decided: 29 April 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
John J. Stephens

Sentence adjudged 20 April 2023 by a special court-martial convened at Naval Station Great Lakes, Illinois, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 70 days and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Raymond E. Bilter, JAGC, USN*

_____

[1] Appellant was credited with having served 99 days of pretrial confinement.

For Appellee:
*Lieutenant Lan T. Nguyen, JAGC, USN*
*Lieutenant Commander James P. Wu Zhu, JAGC, USN*

Judge BAKER delivered the opinion of the Court, in which Senior Judge KISOR and Judge MIZER joined.

––––––––––––––––––––––

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

––––––––––––––––––––––

BAKER, Judge:

Appellant was convicted, consistent with his pleas, of one specification of absence without leave, in violation of Article 86, Uniform Code of Military Justice [UCMJ],[2] and one specification of wrongful use of a controlled substance, in violation of Article 112a, UCMJ.[3]

In his sole assignment of error, Appellate asserts that the Entry of Judgment fails to comply with Rule for Courts-Martial [R.C.M.] 1111(b)(1)(a) because it does not correctly summarize each specification, with the exception of Charge IV. We find no prejudicial error. However, to ensure that Appellant's record of trial is correct and accurately reflects the proceedings, we take action in our decretal paragraph. In accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

## I. BACKGROUND

On 27 October 2023, Appellant accepted nonjudicial punishment for violating Article 112a, UCMJ, by wrongfully using various controlled substances. For this misconduct, his Commanding Officer imposed 45 days restriction and 45 days of extra duties.[4] Roughly two weeks into restriction, Appellant left Naval Station Great Lakes, without prior authorization, staying at a hotel for two

––––––––––––––––––––––

[2] 10 U.S.C. § 886.

[3] 10 U.S.C. § 912a.

[4] Pros. Ex. 1 at 1-2.

days before returning to his unit.[5] On 20 April 2023, the military judge convicted Appellant of unauthorized absence and wrongful use of a controlled substance consistent with his pleas and in accordance with his plea agreement. The plea agreement required the military judge to adjudge a bad-conduct discharge.[6] The Entry of Judgment contained a purported summary of each charge and specification.[7] Appellant made no post-trial motion to correct the judgment entered by the military judge.[8]

## II. DISCUSSION

Whether a record of trial is accurate and complete is a question we review de novo.[9] An appellant is entitled to have the official record accurately reflect what happened in the proceedings.[10] Appellant submits that the military judge erred in certifying the Entry of Judgment, which failed to summarize the charges and specifications, with the exception of Charge IV (violation of Article 112a, UCMJ). The Government submits that the military judge properly summarized the charges and specifications.

An entry of judgment must "include, at a minimum, the gravamen of the offense."[11] We find that, contrary to the Government's contention, the Entry of Judgment, other than Charge IV, failed to provide a legally sufficient summary of the charges and specifications.[12] R.C.M. 1111(b) requires that an entry of judgment include, for each charge referred to court-martial, a summary of each charge and specification, the plea of the accused, and the disposition of each charge, as well as the sentence adjudged.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings are correct in law, the sentence is correct in

---

[5] *Id.* at 2.

[6] App. Ex. I at 14.

[7] Rule for Courts-Martial [R.C.M.] 1111(b)(1)(A).

[8] R.C.M. 1104(b)(2)(C).

[9] *United States v. Crumpley*, 49 M.J. 538 (N-M. Ct. Crim. App. 1998).

[10] *Id.* at 539.

[11] *United States v. Booker*, 83 M.J. 595, 598 (N-M. Ct. Crim. App. 2023).

[12] R.C.M. 1111(b)(1)(A).

law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[13]

The Entry of Judgment does not accurately reflect the disposition of the charges, in accordance with R.C.M. 1111(c)(2), as it fails to reflect the gravamen of the listed offenses. Specifically, we note the Block 12 entries are deficient in the following ways: (1) Specification 2 of Charge I does not state how long the period of unauthorized absence lasted; (2) for the sole specification of Charge III, a violation of Article 92, UCMJ, the block 12 entry fails to specify the general order that Appellant was charged with violating. Therefore, we modify the Entry of Judgment and direct that it be included in the record.[14] Although we find no prejudice from this error, Appellant is entitled to courts-martial records that correctly reflect the content of his proceedings.[15]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[13] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.

[14] *Id.*

[15] *Crumpley,* 49 M.J. at 539; *United States v. Sutton,* 81 M.J. 677 (N-M. Ct. Crim. App. 2021).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300176 |
| **v.** | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Emmanuel ROMAN, Jr.**<br>**Gas Turbine Systems Technician**<br>**(Electrical) Fireman Apprentice (E-2)**<br>**U.S. Navy** | *As Modified on Appeal* |
| *Accused* | **29 April 2024** |

On 20 April 2023, the Accused was tried at Naval Station Great Lakes, Illinois, by special court-martial consisting of a military judge sitting alone. Military Judge John J. Stephens presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.**

    *Plea:* Guilty.
    *Finding:* Guilty.

**Specification 1:** **On or about 8 November 2022, at or near Naval Station Great Lakes, failed to go to his appointed place of duty, to wit: 0730 muster.**

    *Plea:* Not Guilty.
    *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **On or about 16 November 2022 absented himself from his unit, to wit: Surface Warfare Engineering School Command, located at Naval Station Great Lakes, without authority and remained absent until on or about 18 November 2022.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Charge II:** **Violation of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:** **On or about 23 December 2022, at or near Naval Station Great Lakes, was disrespectful in language to a petty officer, whom he knew was in the execution of her office, by saying to her, "how the fuck do you know if I am a Yeoman," and "fucking stupid," or words to that effect.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **On or about 23 December 2022, at or near Naval Station Great Lakes, was disrespectful in language to a petty officer, whom he knew was in the execution of his office, by saying to him, "I'm not a boy, I'm a man and you're not going to talk to me like that," or words to that effect.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 3:** **On or about 16 February 2023, at or near Naval Station Great Lakes, was disrespectful in language to a petty officer, whom he knew was in the execution of his office, by saying to him, "stupid motherfuckers," "dick-heads," and "retards," or words to that effect.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 4:** **On or about 16 February 2023, at or near Naval Station Great Lakes, was disrespectful in language to a petty officer, whom he knew was in the execution of her**

**office, by saying to her, "stupid motherfuckers," "dickheads," and "retards," or words to that effect.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

Specification 5: **On or about 16 February 2023, at or near Naval Station Great Lakes, was disrespectful in language to a petty officer, whom he knew was in the execution of his office, by saying to him, "stupid motherfuckers," "dickheads," and "retards," or words to that effect.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge III: Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

Specification: **On or about 15 February 2023, at or near Naval Station Great Lakes, did violate a lawful general order which was his duty to obey, to wit: chapter 4, paragraph 1(d)(4), OPNAVINST 5350.4E, by wrongfully using delta-8 tetrahydrocannabinol.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge IV: Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Guilty.

*Finding:* Guilty.

Specification 1: **On or about 27 August 2022, at or near Naval Station Great Lakes, wrongfully used 3,4-Methylenedioxyamphetamine, a Schedule I controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **On or about 27 August 2022, at or near Naval Station Great Lakes, wrongfully used 3,4-Methylenedioxyamphetamine, a Schedule I controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 3:** **On or about 27 August 2022, at or near Naval Station Great Lakes, wrongfully used Cocaine, a Schedule II controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 4:** **On or about 27 August 2022, at or near Naval Station Great Lakes, wrongfully used Methamphetamine, a Schedule II controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 5:** **On or about 27 August 2022, at or near Naval Station Great Lakes, wrongfully used Fentanyl, a Schedule II controlled substance.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 6:** **On or about 27 August 2022, at or near Naval Station Great Lakes, wrongfully used Norfentanyl, a Schedule II controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 7:** **On or about 27 August 2022, at or near Naval Station Great Lakes, wrongfully used Alprazolam, a Schedule II controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 8:** **On or about 3 November 2022, at or near Naval Station Great Lakes, wrongfully used Cocaine, a Schedule II controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 9:** **On or about 15 February 2023, at or near Naval Station Great Lakes, wrongfully used Cocaine, a Schedule II controlled substance.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge V:** **Violation of Article 131b, Uniform Code of Military Justice, 10 U.S.C. § 931b.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification:** **On or about 8 January 2023, at or near Naval Station Great Lakes, wrongfully did a certain act, to wit: tell DC2 Sean Chaput, that he could not get a hold of MMFR Liza A. Capozzi, with intent to obstruct the due administration of justice in the case of MMFR Capozzi, against whom he had a reason to believe there was, or would be disciplinary proceedings.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge VI:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

  *Plea:* Not Guilty.

  *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification:** **On or about 16 February 2023, in the east lounge of the USS Preble, committed indecent conduct, to wit: engaged in sexual intercourse, and that said conduct was to the prejudice of good order and discipline of the armed forces.**

  *Plea:* Not Guilty.

  *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

# SENTENCE

On 27 October 2022, the military judge sentenced the Accused to the following:

**Confinement for a total of 70 days, as follows:**

*For Specification 2 of Charge I:*
 confinement for one month.

*For Specification 5 of Charge IV:*
 confinement for 70 days.

The terms of confinement will run concurrently.

The Accused has served 99 days of pretrial confinement and shall be credited with 99 days of confinement already served, to be deducted from the adjudged sentence to confinement.

**A bad-conduct discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court