# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, BURGTORF, and MIZER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Dylan S. HITCHCOCK**
Fire Technician Seaman (E-3), U.S. Navy
*Appellant*

**No. 202300080**

_____

Decided: 30 April 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Melanie M. Mann (arraignment)
Eric A. Catto (trial)

Sentence adjudged 6 December 2022 by a general court-martial convened at Joint Base Pearl Harbor-Hickam, Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 39 months, forfeiture of all pay and allowances, and a dishonorable discharge.[1]

For Appellant:
*Lieutenant Commander Megan P. Marinos, JAGC, USN*

For Appellee:
*Lieutenant Rachel E. Noveroske, JAGC, USN*

---

[1] The military judge credited Appellant with 209 days of administrative confinement credit based on an Article 13, UCMJ, violation.  10 U.S.C. § 813.

*2 May 2024:  Opinion and EOJ corrected to reflect Appellant's rating and military service*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————

PER CURIAM:

Appellant was convicted, consistent with his pleas, of: two specifications of attempted sexual abuse of a child; one specification of distribution of child pornography; and one specification of receipt, possession, and viewing of child pornography, in violation of Articles 80 and 134, Uniform Code of Military Justice.[2]

Appellant submits two assignments of error: (1) the military judge erred in certifying the Entry of Judgment, which failed to summarize the charges, specifications, sentence, and pretrial confinement; and (2) the Statement of Trial Results did not accurately reflect the plea agreement. We order corrective action in our decretal paragraph, to ensure Appellant's record of trial is correct and accurately reflects the proceedings. We otherwise find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

Appellant entered into a plea agreement with the convening authority. He agreed to plead guilty to the above charges and specifications, with exceptions and substitutions for dates in the child pornography specifications. The convening authority agreed to dismiss the remaining twenty-seven specifications, including two additional charges, without prejudice, to ripen into prejudice upon completion of our review.

After accepting Appellant's pleas and adjourning the court-martial, the military judge omitted from the Statement of Trial Results that the plea agreement permitted adjudged forfeitures.[3] The military judge also neglected to include in the Entry of Judgement: (1) that Appellant's pleas included exceptions and substitutions for dates,

———————————

[2] 10 U.S.C. §§ 880, 934.

[3] Both Parties agree that the Statement of Trial Results in block 24 is inaccurate in that adjudged forfeiture of pay and allowances was an authorized punishment negotiated pursuant to the plea agreement. App. Ex. II at 19. We agree. We are skeptical, however, that we have the authority to correct an erroneous Statement of Trial Results without remanding the case back to the military judge to correct. In this case, remand is unnecessary because the scrivener's error is minor, we find no prejudice to Appellant, and Appellant alleges no prejudice from

related to the child pornography specifications; (2) that the charges to which Appellant pleaded not guilty were withdrawn, without prejudice, to ripen into prejudice upon completion of our review; (3) the sentence adjudged, by specification; (4) whether the sentences would be served consecutively, or concurrently; and (5) pretrial confinement credit awarded. Appellant made no post-trial motion to correct either the Statement of Trial Results or the Entry of Judgment.[4]

## II. Discussion

Whether a record of trial is accurate and complete is a question of law that we review de novo.[5] Appellants are entitled to have their official records accurately reflect what happened in their proceedings.[6] The Parties agree that error occurred and that we can correct these errors, pursuant to *United States v. Crumpley*.[7]

## III. Conclusion

The Statement of Trial Results and Entry of Judgment are inaccurate for the reasons stated above. In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment, and direct that it be included in the record.

After careful consideration of the record, we have otherwise determined that the findings and sentence are correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[8] The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

it. Inasmuch as the Entry of Judgment is the official document that terminates the proceedings, R.C.M. 1111(a)(2), we modify the Entry of Judgment. R.C.M. 1111(c)(2).

[4] R.C.M. 1104(b)(2)(C).

[5] *United States v. Crumpley*, 49 M.J. 538 (N-M. Ct. Crim. App. 1998).

[6] *Id*. at 539.

[7] *Id*. at 538.

[8] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202300080** |
| **v.** | **ENTRY OF JUDGMENT** |
| **Dylan S. HITCHCOCK**<br>**Fire Technician Seaman (E-3)**<br>**U.S. Navy** | |
| *Accused* | *As Modified on Appeal* |
| | **30 April 2024** |

On 6 December 2022, the Accused was tried at Joint Base Pearl Harbor-Hickam, Hawaii, by general court-martial consisting of a military judge sitting alone. Military Judge Eric A. Catto, presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

*Plea:* Guilty.
*Finding: Guilty*

**Additional Specification 1:** **Attempted Sexual Abuse of a Child Involving Indecent Communication between on or about 25 February 2021 and on or about 11 May 2022.**

*Plea: Guilty*
*Finding: Guilty*

**Additional Specification 2:** **Attempted Sexual Abuse of a Child Involving Indecent Exposure between on or about 25 February 2021 and on or about 11 May 2022.**

*2 May 2024:  Opinion and EOJ corrected to reflect Appellant's rating and military service*

*Plea: Guilty*
*Finding: Guilty*

**Specification 1:** **Attempted Sexual Abuse of a Child Involving Indecent Communication between on or about 15 February 2022 and on or about 23 February 2022.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **Attempted Sexual Abuse of a Child Involving Indecent Communication on or about 11 August 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 3:** **Attempted Sexual Abuse of a Child Involving Indecent Exposure on or about 11 August 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 4:** **Attempted Sexual Abuse of a Child Involving Indecent Communication between on or about 30 July 2021 and on or about 31 July 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 5:** **Attempted Sexual Abuse of a Child Involving Indecent Communication between on or about 15 August 2021 and on or about 17 August 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 6:** **Attempted Sexual Abuse of a Child Involving Indecent Exposure on or about 16 August 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 7:** **Attempted Sexual Abuse of a Child Involving Indecent Conduct on or about 28 August 2021.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 8:** **Attempted Sexual Abuse of a Child Involving Indecent Exposure on or about 2 September 2021.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 9:** **Attempted Sexual Abuse of a Child Involving Indecent Exposure on or about October 2021.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 10:** **Attempted Sexual Abuse of a Child Involving Indecent Exposure on or about 6 December 2021.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge II:** **Violation of Article 82, Uniform Code of Military Justice, 10 U.S.C. § 882.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:** **Solicitation to Produce and Distribute Child Pornography between on or about August 2021 and on or about 28 August 2022.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **Solicitation to Sexually Abuse a Child on or about 12 November 2021.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 3:** **Solicitation to Produce and Distribute Child Pornography on or about 5 August 2021.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge III:** **Violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 1:** **Sexual Abuse of a Child Involving Indecent Communication between on or about March 2022 and about May 2022.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **Sexual Abuse of a Child Involving Indecent Exposure between on or about March 2022 and about May 2022.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge IV:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Guilty.
>
> *Finding:* Guilty

**Specification 1:** **Distribution of Child Pornography between on or about August 2021 and on or about May 2022.**

> *Plea:* Guilty, except for the words "August 2021" and substituting the words "25 February 2021."
>
> *Finding:* Guilty, as excepted and substituted.

**Specification 2:** **Receipt, Possession, and Viewing of Child Pornography between on or about August 2021 and on or about May 2022.**

> *Plea:* Guilty, except for the words "August 2021" and substituting the words "25 February 2021."
>
> *Finding:* Guilty, as excepted and substituted.

**Specification 3:** **Indecent Language between on or about 30 June 2021 and on about 20 August 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 4:** **Indecent Language between on or about 30 July 2021 and on or about 25 September 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 5:** **Indecent Language between on or about 19 August 2021 and on or about 10 June 2022.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 6:** **Indecent Language between on or about 12 October 2021 and on or about 19 April 2022.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 7:** **Indecent Language between on or about 5 November 2021 and on or about 23 November 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 8:** **Indecent Language between on or about 16 October 2021 and on or about 18 November 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 9:** **Indecent Language between on or about 29 November 2021 and on or about 7 December 2021.**

*Plea:* Not Guilty

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 10: Indecent Language between on or about 22 October 2021 and on or about 16 November 2021.**

> *Plea:* Not Guilty
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

## SENTENCE

On 6 December 2022, the Military Judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for a total of 39 months, as follows:**

> *For Additional Specification 1 of Charge I:*
> confinement for 39 months.

> *For Additional Specification 2 of Charge I:*
> confinement for 39 months.

> *For Specification 1 of Charge IV:*
> confinement for 20 months.

> *For the Specification 2 of Charge IV:*
> confinement for 20 months.

> The terms of confinement will run concurrently.

The Accused shall be credited with 209 days of administrative confinement credit, to be deducted from the adjudged sentence to confinement.

**Forfeiture of all pay and allowances.**

**A dishonorable discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court