*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, FLUHR, and MIZER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Patricia A. SANTOS**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202400067**

_____

Decided: 11 June 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Adam M. King (arraignment)
Benjamin C. Robertson (motions)
Benjamin B. Garcia (trial)

Sentence adjudged 8 November 2023 by a special court-martial convened at Marine Corps Base Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 90 days and a bad-conduct discharge.[1]

For Appellant:
*Kimberly D. Hinson*

_____

[1] The military judge recommended 45 days of confinement be suspended for a period of six months. R. at 222. The convening authority concurred and suspended 45 days of confinement for a period of six months. Convening Authority's Action at 2.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, and Appellant having not challenged the factual sufficiency of this case, we have determined that the findings are correct in law, the sentence is correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

However, we note that the Entry of Judgment does not correctly identify the charge and specifications to which Appellant pleaded guilty and fails to include the reduction in grade imposed by the military judge.[3] Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of her proceeding.[4] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[2] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[3] See Block 11 of the Entry of Judgment (incorrectly referring to "Charge I," rather than "the Charge") and Block 12 of the Entry of Judgment (again incorrectly referring to "Charge I," rather than "the Charge" in two instances, and incorrectly referring to the second specification as "Specification 1" rather than "Specification 2"). We appreciate Appellate Defense Counsel's attention to detail in identifying these matters. In addition, Block 12 of the Entry of Judgment does not refer to the reduction in grade to E-1 at all.

[4] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202400067 |
| **v.** | **ENTRY OF JUDGMENT** |
| **Patricia A. SANTOS**<br>**Lance Corporal (E-3)**<br>**U.S. Marine Corps**<br>*Accused* | *As Modified on Appeal*<br><br>**11 June 2024** |

On 8 November 2023, the Accused was tried at Camp Foster, Okinawa, Japan, by a special court-martial, consisting of a military judge sitting alone. Military Judge Benjamin B. Garcia presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:** **Wrongful Use of a Controlled Substance on or about 14 August 2022.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 2:** **Wrongful Distribution of a Controlled Substance on or about 14 August 2022.**

*Plea:* Guilty.
*Finding:* Guilty.

# SENTENCE

On 8 November 2023, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

*For Specification 1 of the Charge:* confinement for 30 days.

*For Specification 2 of the Charge:* confinement for 90 days.

The terms of confinement will run concurrently.

**Confinement for a total of 90 days.**

**A bad-conduct discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court