# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, MIZER, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Daniel L. JONES**
Naval Aircrewman (Mechanical) Airman (E-3), U.S. Navy
*Appellant*

**No. 202300187**

_____

Decided: 26 July 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Donald R. Ostrom

Sentence adjudged 15 May 2023 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 16 months, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Raymond E. Bilter, JAGC, USN*

---

[1] Appellant was credited with having served 163 days of pretrial confinement.

For Appellee:
*Lieutenant Lan T. Nguyen, JAGC, USN*
*Lieutenant Commander James P. Wu Zhu, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of one specification of aggravated assault and one specification of assault consummated by a battery, each in violation of Article 128, Uniform Code of Military Justice.[2] Appellant asserts in his sole Assignment of Error that the Entry of Judgment fails to comply with Rule for Courts-Martial 1111(b)(1)(A) because it does not correctly summarize each specification. We disagree. The summaries of the specifications in the Entry of Judgment comply with the minimum requirements recently elucidated by this Court.[3]

However, we note that the Entry of Judgment does not accurately reflect the disposition of the charges. The Entry of Judgment incorrectly states that the military judge found Appellant not guilty of those charges and specifications to which he pleaded not guilty.[4] In fact, the military judge entered findings only with respect to those charges and specifications to which Appellant pleaded guilty, and the Government withdrew and dismissed the remaining charges and specifications pursuant to a plea agreement. Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[5] In accordance with Rule for Courts-Martial

---

[2] 10 U.S.C. § 928.

[3] *United States v. Wadaa*, __ M.J. ___ No. 202300273, 2024 CCA LEXIS 148 at *6 (N-M. Ct. Crim. App. Apr. 25, 2024).

[4] We also note that the Statement of Trial Results reflects the same errors.

[5] *United States v. Sutton*, 81 M.J. 677 (N-M. Ct. Crim. App. 2021); *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[6]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[6] 10 U.S.C. §§ 859, 866.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300187 |
| v. | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Daniel L. JONES**<br>**Naval Aircrewman (Mechanical) Air-**<br>**man (E-3)**<br>**U.S. Navy** | |
| | *As Modified on Appeal* |
| *Accused* | **26 July 2024** |

On 15 May 2023, the Accused was tried at Naval Station Norfolk, Virginia, by general court-martial consisting of a military judge sitting alone. Military Judge Donald R. Ostrom presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification:** **Attempted kidnapping on or about 8 November 2022.**

> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge II:** **Violation of Article 115, Uniform Code of Military Justice, 10 U.S.C. § 915.**

> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification:** **Communicating a threat on or about 8 November 2022.**

> *Plea:* Not Guilty.
>
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Charge III:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification:** **Aggravated assault with the infliction of substantial bodily harm on or about 8 November 2022.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Additional Charge:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification:** **Assault consummated by battery on or about 8 March 2023.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

## SENTENCE

On 15 May 2023, the military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for a total of 16 months, as follows:**

*For the Specification of Charge III:*
confinement for 16 months.

*For the Specification of the Additional Charge:*
confinement for 6 months.

The terms of confinement will run concurrently.

The Accused shall be credited with 163 days of confinement already served, to be deducted from the adjudged sentence to confinement.

**A bad-conduct discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

2